**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **SUNTRUST BANK, as Successor Trustee** ) | |
| **of the Tom B. Swann Residual Trust,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-397 |
| ) | (Phillips) |
| **JOHN STONER,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Jeffrey L. Jones's Motion to Dismiss [Doc. 15]. Plaintiff responded in opposition [Docs. 18, 19], and in so doing, opposed the court's consideration of Exhibit A to defendant's motion. In the event the court considers the exhibit, plaintiff alternatively moves the court to convert defendant's motion to a motion for summary judgment, granting plaintiff an opportunity to take discovery and respond accordingly. Defendant replied [Doc. 20]. For the reasons that follow, the motions are **DENIED**.

**I.    BACKGROUND**

This action involves the alleged mismanagement of the Tom B. Swann Residual Trust. In his Last Will and Testament, Tom B. Swann created the Tom B. Swann Residual Trust ("the Swann Trust" or "the trust") and named Exchange National Bank of Winter Haven, Florida ("Exchange") as Trustee. The trust came into existence upon Mr. Swann's death in 1977. Subsequently, Exchange underwent several mergers and name changes, including NationsBank, N.A. and its current name, Bank of America, National Association. The court will hereinafter refer to this entity

-1-

as "Bank of America."

At the time of Mr. Swann's death, legal title to tracts of land in Tennessee which he had owned vested in the Swann Trust. This action concerns a tract of land on the Swann Tree Farm, located in Jefferson County, Tennessee. Plaintiff alleges that in late 1998 or 1999, defendant John Stoner, a Real Estate Trust Officer with NationsBank, recommended to the beneficiaries of the Swann Trust the sale of approximately 400 acres on the southern portion of the farm ("the tract").

Plaintiff alleges the sale, however, was a scheme among defendant Stoner, defendant Jeffrey L. Jones, and others to convert money from the sale for their own use. Defendant Jones, who now moves to dismiss, was the attorney and agent for the Swann Trust from 1987 to 2006. Under this scheme, plaintiff alleges that defendant Stoner agreed to sell the tract to a business associate of defendant Jones for a purported $1,050,000, while actually paying over $1,800,000 for the property. The defendants would then convert the difference for their own use.

To effectuate the fraudulent transaction, plaintiff alleges that Jones created the entity Beaver Creek, LLC ("Beaver Creek"), to whom the tract was to be conveyed, while also acting as the attorney for the trust. On March 8, 1999, Stoner entered into a contract to sell the tract for $1,050,000. On or about March 25, 1999, the Trustee conveyed the 400 acres to Beaver Creek. Plaintiff alleges over $1,800,000 was deposited in defendant Jones's law firm escrow account, but only $1,050,000, less expenses, was paid into the trust. Plaintiff alleges that defendants Jones and Stoner, among others, converted the difference for their own use.

Following these events, SunTrust Bank ("SunTrust") was named Trustee in February 2007. SunTrust initiated this action on October 18, 2007.

-2-

Case 3:07-cv-00397   Document 24   Filed 09/26/08   Page 2 of 8   PageID #: 149

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," Fed. R. Civ. Pro. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

## III. ANALYSIS

### A. Attached Exhibits

With regard to the court's consideration of the exhibit trust deed appended to defendant's Motion to Dismiss, in general when a court is presented with "matters outside the pleadings" on a 12(b)(6) motion to dismiss, the court must either exclude the materials or convert the motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(d). The Sixth Circuit, however, takes "a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)," *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001), and certain documents therefore may properly be considered under Rule 12(b)(6) without converting the motion

-3-

to one for summary judgment. As the Sixth Circuit recently stated,

> When a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein.

*Bassett*, 528 F.3d at 430.

The court finds that, under the above standards, it may properly consider the trust deed without converting defendant's motion to one for summary judgment. Plaintiff's entire claim centers on the sale of a tract of land; clearly the documentation of the transfer of ownership is "central to the claims therein," and as defendant points out, plaintiff specifically refers to the deed in the complaint. [Doc. 1, ¶¶ 21 and 70]. Accordingly the court may properly consider the motion, along with the appended deed, under Rule 12(b)(6), and plaintiff's motion in the alternative is denied.

### B. Statute of Limitations

Defendant Jones contends that the complaint must be dismissed against him because it is time barred by all potentially applicable statutes of limitations.

Because this court's jurisdiction is premised on diversity of citizenship, the court applies the statute of limitations of the forum state. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110-12 (1945) (under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal court sitting in diversity must apply the statute of limitations of the forum state); *accord, e.g.*, *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 n.3 (6th Cir. 2000). Thus the court will apply the relevant Tennessee statute of limitations.

The gravamen of plaintiff's claim is a breach of a fiduciary duty. Under Tennessee law, the applicable statute of limitations is therefore three years. Tenn. Code Ann. § 28-3-105; *Cagle v.*

*Hybner*, No. M2006-02073-COA-R3-CV, 2008 WL 2649643, at *13 (Tenn. Ct. App. July 3, 2008) ("The statute of limitations for a claim of breach of fiduciary duty is three years, Tenn. Code Ann. § 28-3-105 ...."). As the transaction at the heart of the dispute took place on March 25, 1999, defendant argues that plaintiff's claim is time barred. Plaintiff counters that the statute of limitations should be tolled due to fraudulent concealment.

It is not necessary, however, for plaintiff to prove fraudulent concealment, as a claim for breach of fiduciary duty is subject to the discovery rule. *Cagle*, 2008 WL 2649643, at *13. "[T]he discovery rule is an equitable exception that tolls the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained." *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 621 (Tenn. 2002). The discovery rule is not routinely applied in every case; rather, certain causes of action are deemed by Tennessee courts to be automatically subject to the rule. *See id.* Where plaintiff alleges a cause of action not subject to the discovery rule, a claim of fraudulent concealment serves as a fall-back mechanism to toll the statute of limitations. *See id.* at 624-25 (holding that the discovery rule does not apply to action for conversion of negotiable instruments but that limitations period nevertheless may be tolled if plaintiff demonstrates elements of fraudulent concealment).

A claim of breach of fiduciary duty being subject to the discovery rule, "such an action must be brought within three years *from the time the plaintiff discovered the alleged wrong.*" *Cagle*, 2008 WL 2649643, at *13 (emphasis added). As mentioned, however, discovery does not merely occur when plaintiff *actually* discovers the fraud. "One is deemed to have discovered the right of action if and when he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Id.*

As an initial matter, the court must determine the relevant party for whom notice would begin the limitations period. Defendant Jones concedes that the Trustee is the relevant party for whom notice begins the statutory period, not the beneficiaries, [Doc. 20 at 8 n.7 (comparing the rights of the beneficiaries to those of the trustee in concluding that "only the Trustee controlled the trust" and therefore "only the Trustee would need to have notice of the $1,860,000 sales price in order to begin running the statute of limitations")], and accordingly the court will focus on the Trustee.[1] Defendant argues that SunTrust, filling the shoes of its predecessor trustee, Bank of America, received constructive notice of fraud by virtue of the recording of the deed, and in any event, plaintiff was placed on inquiry notice because due diligence should have led plaintiff to discover the fraud.

Constructive notice and inquiry notice are often collectively referred to as "constructive notice." "Constructive notice" is "notice arising from documents and instruments filed with a county record pursuant to a recording statute," whereas "inquiry notice aris[es] from knowledge of certain facts that should impart to a person, or lead him or her to, knowledge of an ultimate fact." 66 Am. Jur. 2d *Records and Recording Laws* § 86. Defendant argues that under either standard, notice was imparted to the plaintiff and the applicable statutory period has run.

First, the court finds that plaintiff did not receive constructive notice of fraud by virtue of the recording of the deed in March 1999. While under Tennessee law "instruments registered pursuant to § 66-24-101 shall be notice to all the world from the time they are noted for registration

---

[1] Plaintiff was appointed as successor trustee in February 2007. This is of particular significance here because SunTrust alleged that its predecessor as trustee, Bank of America, was complicit in the fraud. If one were to assume this to be true, it would hardly follow that defendant Jones should enjoy the benefit of the statute of limitations because of Bank of America's knowledge of the actual sales price. All of plaintiff's claims against Bank of America, however, have been compromised and settled, and Bank of America has been dismissed as a party to this suit. [Doc. 23]. Accordingly the court will proceed treating SunTrust and Bank of America as the same entity for purposes of notice.

... and shall take effect from such time," Tenn. Code Ann. § 66-26-102, the court finds persuasive a recent interpretation of this rule as providing constructive notice only to persons whose recorded interest in the property postdate the recording, *Burch v. McKoon, Billings & Gold, P.C.*, No. M2004-00083-COA-R3-CV, 2005 WL 2104611, at *6 (Tenn. Ct. App. Aug. 31, 2005). Indeed, this appears to be the well-accepted interpretation of notice statutes which purport to provide "notice to all the world." *E.g.*, W.W. Allen, Annotation, *Public Records as Notice of Facts Starting Running of Statute of Limitations Against Action Based on Fraud*, 137 A.L.R. 268 (1942) (discussing case in which court stated that "the record of a deed is not constructive notice to all the world but only to those who are bound to search for the record, such as subsequent purchasers and mortgagees"); 66 Am. Jur. 2d *Records and Recording Laws* § 87 (2008) ("The proposition is frequently announced that under the recording statutes, the proper record of an instrument authorized to be recorded is notice to all the world. However, this means simply that ... [t]he record of an instrument is notice only to those who are bound to search for it."). Furthermore, where there are no facts or circumstances of suspicion which would impose on a *prior* owner a duty to search the recorder's office to check for fraud, the recording of a deed does not serve as constructive notice. Allen, *supra*.

Finally, whether there were facts such that plaintiff was otherwise placed on inquiry notice is, as plaintiff argues, a question of fact that is inappropriate for resolution on a motion to dismiss. *Robert Mickham Trust v. United States*, No. 94-2189, 1996 WL 77450, at *3 (6th Cir. Feb. 20, 1996) ("A determination of inquiry notice is a question of fact ...."). Factual questions remain as to whether plaintiff exercised reasonable care and diligence and whether any alerting circumstances would have been discovered in the course of such diligence.

In sum, the court finds that plaintiff was not placed on constructive notice by the recording of the deed reflecting the $1,860,000 sales price. Whether plaintiff was otherwise placed on inquiry notice is a question of fact and is therefore inappropriate for resolution at this early stage in the proceedings. Accordingly defendant's Motion to Dismiss [Doc. 15] is denied, subject to renewal upon a properly substantiated motion for summary judgment.

## IV. CONCLUSION

Because the appended deed is central to the claim and referred to in the complaint, plaintiff's alternative Motion to Convert Motion to Dismiss into a Motion for Summary Judgment [Doc. 18] is **DENIED**. With regard to whether the statutory limitations period has expired or was tolled, there being questions of fact, this issue is inappropriate for resolution upon a motion to dismiss. Accordingly, defendant Jeffrey L. Jones's Motion to Dismiss [Doc. 15] is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge