**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **SUNTRUST BANK, as Successor Trustee of the Tom B. Swann Residual Trust,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:07-cv-397** |
| | ) | **(Phillips)** |
| **JOHN STONER and JEFFREY L. JONES,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion to Amend Complaint [Doc. 33]. Plaintiff moves to amend the complaint to dismiss defendants Jeffrey L. Jones and Bank of America, N.A. (who was dismissed as a defendant per order of the court on April 10, 2008 [Doc. 23][1]) as parties to the case and remove all matters pleaded against these parties from the body of the complaint. Plaintiff further wishes to amend the complaint to include additional allegations against defendant John Stoner.

For the reasons that follow, the motion [Doc. 33] is **GRANTED**.

## I. BACKGROUND

This action arises out of the alleged mismanagement of the Tom B. Swann Residual Trust. ("the trust"). In his Last Will and Testament, Tom B. Swann created the trust and named Exchange

---

[1] For simplicity's sake, the court has referenced only plaintiff's claims and defendants Stoner and Jones in the caption and body of this opinion. Bank of America's crossclaims against defendants Stoner and Jones are still pending before the court, as is defendant Stoner's crossclaim against Bank of America.

National Bank of Winter Haven, Florida ("Exchange") as Trustee. The trust came into existence upon Mr. Swann's death in 1977. Subsequently, Exchange underwent several mergers and name changes, including NationsBank, N.A. and its current name, Bank of America, National Association. The court will hereinafter refer to this entity as "Bank of America."

At the time of Mr. Swann's death, legal title to tracts of land in Tennessee that he had owned vested in the Swann Trust. This action concerns a tract of land on the Swann Tree Farm, located in Jefferson County, Tennessee. Plaintiff alleges that in late 1998 or 1999, defendant John Stoner, a Real Estate Trust Officer with NationsBank, recommended to the beneficiaries of the Swann Trust the sale of approximately 400 acres on the southern portion of the farm ("the tract").

Plaintiff alleges that defendant Stoner and others conspired to convert money from this sale to their own use. Plaintiff now moves to amend its complaint to plead with further specificity than its original complaint the nature of this fraudulent scheme, including the receipt of a $700,000 bribe by defendant Stoner. The proposed amended complaint also amends plaintiff's causes of actions against defendant Stoner, as well as its prayer for relief. Defendant Stoner opposes the amendment, arguing that the doctrine of res judicata would bar the amended claims and therefore renders amendment futile.

## II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure provides that where, as here, a defendant has already served a responsive pleading to the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant opposes the motion to amend.

Accordingly, in making the determination whether justice requires that plaintiff be given leave to amend its complaint, the court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *E.g.*, *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). As interpreted by plaintiff, the parties dispute whether amendment would be futile due to the application of the doctrine of res judicata.

Because defendant has asked this court to give preclusive effect to a state-court judgment, the court will apply Tennessee preclusion principles, as opposed to federal preclusion principles, to determine whether and to what extent the prior judgment would bar plaintiff's proposed amendments. *See Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997); *accord, e.g.*, *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).

Defendant Stoner asserts the doctrine of res judicata, arguing that the settlement of a prior state court action [*see* Exh. B to Doc. 34] between plaintiff and Bank of America, among other parties, bars plaintiff from raising these claims against Stoner. In Tennessee, "[t]he doctrine of res judicata, [or claim preclusion], bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). To successfully assert a res judicata defense, the party "must demonstrate (1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130

S.W.3d 59, 63 (Tenn. Ct. App. 2003)).

Defendant argues that all four factors have been met, and accordingly res judicata bars plaintiff's proposed amendments. Plaintiff argues that the parties are not in privity with each other, and even if they were, a party is not barred from bringing a second suit when the claims that the party now alleges were not ripe at the time of the prior suit. As plaintiff has conceded the remaining three factors, the court will likewise focus its analysis on whether the parties were privies of one another.

In Tennessee, "[i]n the context of res judicata, 'privity' means an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." *Acuity v. McGhee Eng'g, Inc.*, No. M2007-02821-COA-R3-CV, 2008 WL 5234743, at *14 (Tenn. Ct. App. Dec. 15, 2008) (quotation removed). In other words, privity is not established by parties being legally connected, either by contract, blood, or some other means, but rather whether they can claim the same legal rights asserted to the subject matter. *See, e.g., id.*; *Carson v. Challenger Corp.*, No. W2006-00558-COA-R3-CV, 2007 WL 177575, at *3 n.3 (Tenn. Ct. App. Jan. 25, 2007) (finding parties not in privity because they did not represent the same legal right, not because of relationship to one another).

The court finds that defendants Bank of America and Stoner are not privies of one another, as Bank of America has an array of defenses which remove its interests from those of Stoner. First, with regard to whether Bank of America is merely vicariously liable, Bank of America could defend on the theory that respondeat superior does not apply, arguing that Stoner was acting outside the course and scope of his employment. Indeed, Bank of America has defended on this very theory. [*See* Doc. 12 at 7 (denying that Bank of America can be vicariously liable for defendant Stoner's

conduct)]. Moreover, even if Bank of America were found liable under a theory of respondeat superior, it could then recover from Stoner under Tennessee's rules of indemnity. *Stewart v. Craig*, 344 S.W.2d 761, 762-63 (Tenn. 1961); *accord, e.g.*, *Wharton Transp. Corp. v. Bridges*, 606 S.W.2d 521, 528 (Tenn. 1980). Finally, regarding any joint, direct liability by Bank of America, a resolution of liability against one joint tortfeasor has been held not to bar a second suit against the other joint tortfeasor. *Johnson v. King*, 426 S.W.2d 196 (Tenn. 1968). Clearly Bank of America's interests are adverse to Mr. Stoner's. In short, Bank of America simply does not have the same interest in the subject matter to have adequately represented Mr. Stoner's rights in the previous lawsuits, and accordingly they are not in privity. *See, e.g.*, 50 C.J.S. *Judgments* § 830 (2008) ("Generally, nonparty is in privity with a party for res judicata purposes if he has succeeded to the party's interest in the property, if he controlled the prior litigation, or if the party adequately represented his interests in the prior proceeding.").

Because the court has found that the parties were not in privity, the doctrine of res judicata does not apply, and the court therefore need not address plaintiff's alternative argument that even if res judicata did apply, plaintiff's claims were not ripe at the time of the prior suit. Having found plaintiff's amendment not to be futile and finding no other applicable factor rendering the amendment adverse to the interest of justice, Plaintiff's Motion to Amend Complaint [Doc. 33] is **GRANTED**.

## III. CONCLUSION

In accordance with the foregoing, Plaintiff's Motion to Amend Complaint [Doc. 33] is **GRANTED**, whereby plaintiff shall file its amended complaint in its entirety within ten days of the

entry of this order. Plaintiff is also notified that the remaining parties must be dismissed per motion and order or stipulation of the parties, not simply by removing references to the party from the caption and body of the amended complaint.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge